```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS A. HERNANDEZ,            : CIVIL NO. 3:06-CV-01176
                              :
         Plaintiff            : (Judge Caputo)
                              :
      v.                      : (Magistrate Judge Smyser)
                              :
YORK COUNTY and WARDEN        :
THOMAS H. HOGAN,              :
                              :
         Defendants           :
```

## REPORT AND RECOMMENDATION

The plaintiff, Luis A. Hernandez, commenced this action by filing a complaint on June 12, 2006. The plaintiff is represented by counsel.

The defendants are York County and Thomas H. Hogan, the Warden of the York County Prison.

The plaintiff alleges that he was found to have violated a protection from abuse order and sentenced to thirty days in the York County Prison. He alleges that he served his sentence from May 28, 2004 to June 22, 2004. He alleges that while incarcerated he was placed in the "hole" for twelve days. He

also alleges that he was allowed only one shower during his incarceration and that he was incarcerated for fourteen days before he was permitted to make a telephone call.  The plaintiff alleges that he was beaten by correctional officers during his incarceration and that as a result of the beating he sustained injuries to his arms, hands, legs and shoulders.

　　　The plaintiff alleges that the County of York has encourage, tolerated, ratified and has been deliberately indifferent to patterns, practices, customs and the need for more or different training, supervision, investigation or discipline in the areas of abuse of police powers, failure to train its correctional officers, and failure of correctional officers to follow established policies and procedures regarding the discipline of inmates.

　　　The complaint contains two counts.

　　　In Count 1 of the complaint, the plaintiff claims that the defendants violated his constitutional rights.  More specifically, the plaintiff claims that the defendants violated

his right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment and verbal abuse, that the defendants violated his right to be secure in his person and property, and that the defendants violated his rights to due process and equal protection of the law.  The plaintiff claims that his rights under the First, Fourth and Fourteenth Amendments were violated.  The claims in Count I are brought pursuant to 42 U.S.C. § 1983.

In Count 2 of the complaint, the plaintiff claims that the defendants violated state law.  More specifically, the plaintiff claims that the actions of the defendants constituted assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights, negligence, gross negligence and negligent hiring, training, retention and supervision under Pennsylvania law.

As relief, the plaintiff is seeking compensatory and punitive damages and attorney's fees and costs.

The defendants filed a motion to dismiss the complaint, and by a Report and Recommendation dated December 27, 2006, we recommended that that motion be granted in part and denied in part. We recommended that the 42 U.S.C. § 1983 claims against defendant Hogan be dismissed based on the plaintiff's failure to allege personal involvement on the part of defendant Hogan. However, we recommended that the plaintiff be granted leave to amend his complaint to attempt, if appropriate, to cure the failure to plead personal involvement on the part of defendant Hogan. We recommended that the motion to dismiss be otherwise denied. We noted in the Report and Recommendation that the defendants did not address the plaintiff's state law claims and that, accordingly, we did not address the plaintiff's state law claims. By an Order dated March 8, 2007, Judge Caputo adopted the report and recommendation. Judge Caputo granted the motion to dismiss as to defendant Hogan and denied the motion as to defendant York County. Judge Caputo also granted the plaintiff twenty days to file an amended complaint.

On March 8, 2007, defendant York County filed an answer to the complaint.

The plaintiff has not filed an amended complaint. The remaining claims in this case are the 42 U.S.C. § 1983 claims against defendant York County and the state law claims against both defendant York County and defendant Hogan.

On May 14, 2007, the defendants filed a motion for summary judgment and a brief in support of that motion. Also on May 14, 2007, the defendants filed a statement of material facts and documents in support of their motion for summary judgment. On June 1, 2007, the plaintiff filed a brief in opposition to the defendants' motion for summary judgment. The defendants have not filed a reply brief.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-

5

moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

First, we address the arguments of defendant York County regarding the plaintiff's 42 U.S.C. § 1983 claims.

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978).  Instead, "[m]unicipal liability only attaches when the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007)(quoting *Monell, supra,* 436 U.S. at 694).

"[T]here are two ways that a plaintiff can establish municipal liability under § 1983: policy or custom." *Watson, supra,* 478 F.3d at 155.  A plaintiff establishes that a policy existed by establishing that a decisionmaker possessing final authority to establish municipal policy with respect to the action issued an official proclamation, policy or edict. *Id.*  On the other hand, a plaintiff establishes that a custom existed by establishing that a given course of conduct, although not specifically endorsed or authorized by law, was so well-settled and permanent as virtually to constitute law. *Id.* at 155-56. "In

7

other words, custom may be established by proving knowledge of, and acquiescence to, a practice." *Id.* at 156.

Under either route - policy or custom - "' a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.'" *Id.* (quoting *Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990)). "In order to determine who has policymaking responsibility, 'a court must determine which official had final, unreviewable discretion to make a decision or take an action.'" *Id.* (quoting *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1481 (3d Cir. 1990)).

"In addition to proving that an unlawful policy or custom existed, a plaintiff also bears the burden of proving that such a policy or custom was the proximate cause of the injuries suffered." *Id.*

Defendant York County argues that it should be granted summary judgment because the York County Prison is operated and managed by the York County Prison Board and not York County.

8

The County contends that pursuant to 61 P.S. § 408[1] and 61 P.S. § 409[2] the Prison is operated and managed by a Prison Board of

---

1. 61 P.S. § 408 provides, in relevant part:
    (a)(1) The persons now holding the following offices, and their successors, in all counties of this Commonwealth of the third, fourth and fifth classes, shall compose a board, to be known by the name and style of inspectors of the jail or county prisons, to wit: The president judge of the court of common pleas or a judge designated by him, the district attorney, the sheriff, the controller, and the commissioners of each of said counties; in which board, and the officers appointed by it, the safe-keeping, discipline, and employment of prisoners, and the government and management of said institution, shall be exclusively vested; and that the present responsibility of the sheriff of each of said counties in regard to the safe-keeping of the prisoners shall cease and determine on their committal to said prison, and such sheriff shall no longer be furnished a residence in said institution.

2. 61 P.S. § 409 provides, in pertinent part:
    The board shall meet monthly, or oftener if required, and keep regular minutes of their proceedings in a book, to be filed with the financial records of each of said counties, and shall make such rules and regulations for the government and management of the prison, and the safe-keeping, discipline, and employment of the prisoners, as may be deemed necessary. . . . The board shall appoint a warden of the prison. The warden, subject to the approval of the board, may appoint such deputy or deputies, assistant or assistants, keeper or keepers, as may be required in the taking care of the prison. The number and compensation of such deputies, assistants, or keepers shall be fixed by the salary board.

9

Inspectors. The County argues that its role with respect to the prison is limited to contracting and paying the bills. *See* 61 P.S. § 410.[3]

The plaintiff has not filed a response to the defendants' statement of material facts. Thus, pursuant to Local Rule 56.1, the plaintiff is deemed to admit that the York County Prison is operated and managed by the York County Prison Board and not York County. *See Defendants York County and Warden Thomas H. Hogan's Statement of Material Facts at ¶19.* Nevertheless, we can not say that defendant York County is entitled to judgment as a matter of law. Although the prison board operates and manages the prison, it is not clear that the Prison Board and/or the Warden are not

---

3. 61 P.S. § 410 provides:
> That all the expenditures required for the support and maintenance of prisoners, the repairs and improvement of said prison, shall be paid from the county treasury by warrants drawn, in the mode now prescribed by law, on the regular appropriation for the purpose, but no warrant shall be certified by the controller for any expense connected with the prison unless on vouchers approved by majority of said board and endorsed by the president and secretary thereof, and all contracts involving an expenditure of funds from the county treasury shall be made in accordance with the procedures set forth in [16 P.S. § 1801 et seq.].

county policy makers for purposes of municipal liability under *Monell. See Barry v. Luzerne County,* 447 F.Supp.2d 438, 451 (M.D.Pa. 2006)(Munley, J.)(rejecting assertion of Luzerne County that it can not be liable based on a decision of the Prison Board because it is a separate entity and finding that the Prison Board is the authorized policymaker of the county for the purposes of making policy decisions regarding the prison); *Herman v. County of York,* 482 F.supp.2d 554, 562 (M.D.Pa. 2007)(Jones, J.)(refusing to dismiss York County from action on the basis that there were factual disputes as to the role that the Prison Board and Warden Hogan play in the ratification of York County Prison policy and that, therefore, the court could not determine whether Warden Hogan was acting as an agent of the county).  Accordingly, we will not recommend that defendant York County be granted summary judgment because the York County Prison is operated and managed by the York County Prison Board.

Defendant York County argues that there is no evidence that it had established and followed an unconstitutional custom or policy with reference to the use of force on prisoners in the York County Prison.  The plaintiff has not presented any evidence

11

that an unlawful policy or custom regarding the use of force on prisoners at the prison existed or was the proximate cause of the plaintiff's injuries.[4]  Accordingly, it will be recommended that defendant York County be granted summary judgment on the plaintiff's 42 U.S.C. § 1983 claims regarding the use of force.

Except for the plaintiff's § 1983 use of force claims, defendant York County has not addressed any of the plaintiff's other § 1983 claims.  Since they were not addressed by defendant York County in its brief, we do not address them in this Report and Recommendation.

Next, we turn to the defendants' contention that the plaintiff's state law claims are barred by the immunity afforded by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. 8541, et seq.

---

4. The plaintiff alleges that the documents submitted by the defendants establish that force was used on the plaintiff pursuant to a policy.  Even if the documents establish that there was policy at the York County Prison regarding the use of force, the plaintiff has not presented any evidence that that policy caused unlawful force to be used on the plaintiff in this case.

12

42 Pa.C.S.A. § 8541 provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  42 Pa.C.S.A. § 8542 enumerates eight exceptions to a local agency's immunity for specific negligent acts.[5]

None of the exceptions to a local agency's immunity is arguably applicable in this case.  Therefore, defendant York County is entitled to summary judgment on the plaintiff's state law claims.

A local agency employee is generally immune from liability for acts within the scope of the employee's office or

---

5. Liability can be imposed for the following types of negligent acts: (1) the operation of a motor vehicle in the possession or control of a local agency; (2) the care, custody or control of personal property in the possession or control of a local agency; (3) the care, custody or control of real property; (4) a dangerous condition created by trees, traffic controls, or street lights; (5) a dangerous condition of utility service facilities; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; (8) the care, custody or control of animals in the possession or control of a local agency.

duties to the same extent as his or her employing agency. 42 Pa.C.S.A. § 8545.  However, pursuant to 42 Pa.C.S.A. § 8550, a local agency employee is not immune from liability where his or her conduct amounts to a crime, actual fraud, actual malice or willful misconduct.  The term "willful misconduct" in § 8550 is synonymous with the term "intentional tort." *Sanford v. Stiles,* 456 F.3d 298, 315 (3d Cir. 2006).

     We conclude that, pursuant to 42 Pa.C.S.A. § 8545, defendant Hogan is immune from the plaintiff's negligence claims. However, we conclude that, pursuant to 42 Pa.C.S.A. § 8550, defendant Hogan is not immune from the plaintiff's assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, and interference with state constitutional rights claims, as those claim may be characterized as intentional torts.

     Based on the foregoing, it is recommended that the defendants' motion (doc. 11) for summary judgment be granted in part and denied in part.  It is recommended that defendant York County be granted summary judgment on the plaintiff's 42 U.S.C.

14

§ 1983 claims regarding the use of force and on the plaintiff's state law claims.  It is further recommended that defendant Hogan be granted summary judgment on the plaintiff's negligence claims.  In all other respects it is recommended that the defendants' motion for summary judgment be denied.  Finally, it is recommended that the case be listed for trial on the remaining claims.

                              ***/s/ J. Andrew Smyser***
                              J. Andrew Smyser
                              Magistrate Judge

Dated:  July 17, 2007.