**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS A. HERNANDEZ, | |
| Plaintiff, | NO. 3:06-CV-1176 |
| v. | (JUDGE CAPUTO) |
| YORK COUNTY and WARDEN THOMAS H. HOGAN, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

### MEMORANDUM

Presently before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 15) and Defendants' Objections (Doc. 16) to the July 17, 2007 Report and Recommendation. The Magistrate Judge recommended that the Court grant in part and deny in part Defendants' motion for summary judgment. For the reasons set forth below, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation will be granted, the Court will adopt in part and reject in part the Report and Recommendation (Doc. 15), and grant Defendants' motion for summary judgment. (Doc. 11.)

### BACKGROUND

Plaintiff, Luis A. Hernandez is a former inmate of the York County Prison. The Defendants are York County and Thomas H. Hogan, the warden of the York County Prison. On June 17, 2004, at approximately 2:50 p.m., Officer Steven A. Bolding was to transport the Plaintiff to medical cell number one (1) of the York County Prison. (Defs.' Statement of Material Facts in Supp. of Summ. J., ¶ 2, Doc. 13.) When Officer Bolding

arrived at the cell, he requested that the Plaintiff relax, and the officer started to release the Plaintiff from his handcuffs.  (*Id.* ¶ 3.)  At this time the Plaintiff became uncooperative and would not follow Officer Bolding's instructions.  (*Id.* ¶ 4.)  Officer Bolding, along with Officer Dill and Officer Boyer, subdued the inmate by placing him on the floor.  (*Id.* ¶ 5; Aff. of Steven A. Bolding ¶ 3, Doc. 13-3.)  In subduing the inmate, the officers requested assistance from the medical section because the inmate appeared to be out of control and suffering from a psychotic episode.  (Doc. 13 ¶ 5.)  A nurse administered two shots of Thorzene to subdue the inmate.  (*Id.* ¶ 6.)

Officer Bolding believed that the Plaintiff presented a danger to himself, and followed standard procedure in removing the Plaintiff's clothing, shackles, and handcuffs before leaving the cell.  (*Id.* ¶ 7.)  An examination of the Plaintiff revealed that he suffered some minor injury from the handcuffs in the form of minor bruises, as a result of the incident.  (*Id.* ¶ 8.)

On the morning of June 18, 2004, Captain Christopher Schell was called to a medical cell in York Country Prison, and found the Plaintiff out of control, kicking and running into the cell door.  (*Id.* ¶ 10.)  Captain Schell believed that the Plaintiff was suffering from some serious form of mental illness, and recognized that the Plaintiff refused to follow orders to stop running into the cell door.  (*Id.* ¶ 11.)  Plaintiff was loud, screaming, and making little sense.  (*Id.* ¶ 12.)  Captain Schell then indicated to the medical staff that the inmate was hurting himself, and that something needed to be done.  (*Id.*)  Captain Schell received direction from the on-call prison doctor, who ordered a shot of medication and requested that the Plaintiff be placed in a four-point restraint for his

own safety.  (*Id.* ¶ 13.)  Efforts to subdue the Plaintiff with the use of Oleoresin capsicum were unsuccessful.  (*Id.* ¶ 14.)

The Correctional Emergency Response Team ("CERT Team") was activated and proceeded to accomplish a cell extraction.  (*Id.* ¶ 15.)  The CERT Team entered the cell and physically subdued the Plaintiff.  (*Id.* ¶ 16.)  The Plaintiff was placed in a four-point restraint and an injection of medication was used to calm him.  (*Id.* ¶ 17.)

The Plaintiff has failed to submit a short, concise statement of material facts in opposition to the Defendants' motion as required by Local Rule 56.1.  Local Rule 56.1 states that "All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."  As the Plaintiff has failed to controvert any of the material facts set forth by the Defendants, these facts and the accompanying affidavits will be deemed undisputed.

On June 12, 2006, the Plaintiff filed a Complaint against York County and Warden Thomas H. Hogan, alleging violations of his First, Fourth, and Fourteenth Amendment rights, as well as violations of various state laws.  (Doc. 1.)  On August 11, 2006, the Defendants filed a motion to dismiss.  (Doc. 3.)  On December 27, 2006, Magistrate Judge Smyser issued a Report and Recommendation which recommended that the motion be granted in part and denied in part.  (Doc. 8.)  On March 8, 2007, this Court adopted the Report and Recommendation, and granted the motion to dismiss as to all Section 1983 claims against Defendant Hogan, and denied the motion to dismiss as to all other claims.  (Doc. 9.)  The same day, the Defendants filed an Answer to the Complaint. (Doc. 10.)  On May 14, 2007, the Defendants filed a motion for summary judgment.

(Doc. 11.)  On July 17, 2007, Magistrate Judge Smyser issued the present Report and Recommendation, recommending that the Defendants' motion for summary judgment be granted in part and denied in part.  (Doc. 15.)  On July 26, 2007, Defendants filed an objection to the Report and Recommendation.  (Doc. 16.)

The summary judgment motion is fully briefed and ripe for disposition.  The Report and Recommendation is likewise ripe for disposition.

## LEGAL STANDARDS

### I.      Review of a Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or

manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id.*

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved

against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Liberty Lobby*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Liberty Lobby*, 477 U.S. at 249.

## DISCUSSION

### I.   Count I - Violations of Federal Law

The remaining causes of action brought pursuant to federal law are against York County for violations of the Plaintiff's First, Fourth, and Fourteenth Amendment rights.  Plaintiff further alleges violations of his right "to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, verbal abuse, to be secure in ones' person and property, and to due process and equal protection of the law."  (Compl. ¶ 13, Doc. 1.)  Plaintiff's Complaint further alleges that York County permitted the abuse of police powers, failed to train its correctional officers, and failed in having correctional officers follow policies and procedures with respect to discipline of inmates.  (*Id.* ¶ 14(a)-

(c)).

In his Complaint, Plaintiff alleges that Defendant York County violated section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.

Municipal liability for the actions of its employees may not be predicated on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, a municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Municipal liability may be established by showing policy or custom. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). Policy exists "'when a 'decisionmaker possess[ing[ final authority to establish municipal policy with respect to the action' issues an official policy, or edict.'" *Id.* (citations omitted). Custom is established "'by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (citations omitted). In either scenario, the "'plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.'" *Id.* (citations omitted). A plaintiff must also prove that the policy or custom was the proximate cause of his

7

injuries.  *Id.* at 156.  The policies or customs alleged by the Plaintiff are that of abuse of police power, failure to train officers, and failure to have officers follow prescribed policies regarding discipline.

The Plaintiff has failed to present evidence of an unlawful policy or custom regarding the use of excessive force by the Defendant York County, or that such a policy or custom was the proximate cause of his injury.  Plaintiff argues in his brief that the affidavits submitted by the Defendant establish that force was used pursuant to policy.  However, even if the documents establish that there was a policy regarding the use of force, the Plaintiff has failed to present any evidence that the use of force was excessive or unlawful in this case.

Magistrate Judge Smyser noted that the Defendant York County did not address any of the Plaintiff's other Section 1983 claims in its brief, and therefore, the court did not address them in its Report and Recommendation.  However, the Defendants' motion requested summary judgment on all counts.  Therefore, this Court will address the Plaintiff's other federal constitutional claims.

Although Plaintiff has alleged in his Complaint a violation of the First Amendment, the Plaintiff has failed to demonstrate any evidence of a violation of a protected right, such as speech, petition or association.  Therefore, the Defendants' motion for summary judgment on the Plaintiff's First Amendment claim will be granted.  Plaintiff has also alleged federal violations based on the Fourth Amendment for unreasonable search and seizure, false arrest, false imprisonment, and verbal abuse.  Similarly, the Plaintiff has failed to present evidence of any seizure, that he was subject to false arrest or imprisonment, or that he was verbally abused.  Therefore, Defendants' motion for

8

summary judgment on the Fourth Amendment claims will be granted.  Finally, Plaintiff has alleged a violation of the Fourteenth Amendment's right to be secure in one's person and property, due process, and equal protection.  However, the Plaintiff has failed to present evidence as to how he was treated differently, or what process he should have been afforded.  As the Plaintiff has failed to present evidence of a Fourteenth Amendment violation, Defendants' motion will be granted as to all Fourteenth Amendment claims.

Defendant York County also raises the issue as to whether York County or the York County Prison Board is the final policymaker for purposes of *Monell* liability.  Magistrate Judge Smyser found that it was unclear as to whether York County or the York County Prison Board were policymakers for purposes of *Monell* liability.  However, as the Plaintiff has failed to present evidence of any constitutional violation, it is unnecessary to determine if York County is the relevant policymaker, and the federal constitutional claims against Defendant York County will be dismissed.

## II.     Count II - Violations of State Law

Plaintiff's Complaint alleges numerous violations of state law, including causes of action for assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights, negligence, gross negligence, and negligent hiring, training, retention and supervision pursuant to Pennsylvania law. (Compl. ¶¶ 15, 16, Doc. 1.)

The Commonwealth of Pennsylvania has enacted the Political Subdivision Tort Claims Act ("PSTCA"), which holds that "Except as otherwise provided . . . no local agency shall be held liable for any damages on account of any injury to a person or

property caused by any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. The PSTCA enumerates eight specific exceptions that permit liability on tort claims against local agencies. 42 PA. CONS. STAT. ANN. § 8542(b) (permitting recovery for acts relating to vehicle liability; care, custody or control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; sidewalks; and care, custody or control of animals). As none of the exceptions to a local agency's immunity are applicable in this case, Defendant York County is entitled to summary judgment on the Plaintiff's state law claims.

The PSTCA also provides for immunity of an employee of a local agency. Section 8454 states that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing agency and subject to the limitations imposed by this subchapter." 42 PA. CONS. STAT. ANN. § 8545. Therefore, Defendant Hogan is immune from the Plaintiff's claims for negligence, gross negligence, negligent hiring, negligent training, negligent retention, and negligent supervision pursuant to Section 8545.

However, immunity for an official does not exist when the "act constituted a crime, actual fraud, actual malice or wilful misconduct." 42 PA. CONS. STAT. ANN. § 8550. Immunity will not attach for an act when "it is judicially determined that the act of the employee caused the injury." *Id.* Willful misconduct has been defined by the Supreme Court of Pennsylvania as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such

10

desire can be implied." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) (citations omitted). Thus, "the term 'willful misconduct' is synonymous with the term 'intentional tort.'" *Id.* (citations omitted). Plaintiff's Complaint alleges several intentional torts, including assault, battery, false imprisonment, intentional infliction of emotional distress, trespass, and interference with state rights. (Compl. ¶ 16, Doc. 1.)

If Defendant Hogan acted with "willful misconduct" pursuant to Section 8550, he would not be immune for those causes of action. However, the Plaintiff has failed to present evidence that Defendant Hogan was personally involved in any violations of state law. Furthermore, the Plaintiff has failed to present evidence that Defendant Hogan acted with willful misconduct for the state law violations based upon supervisory liability. There is no evidence presented that he knew of or acquiesced to the alleged violations. The Plaintiff has failed to present evidence that Defendant Hogan desired the acts to happen, or that he was aware that such acts were substantially certain to follow. *See generally McNeal v. City of Easton*, 598 A.2d 638 (Pa. Commw. 1991) (holding that an employee's supervisors had no knowledge of harassment by co-workers, and therefore there was no intent under Section 8550). "Without the 'presupposed knowledge' necessary to find intent, it cannot be concluded . . . that [Defendant] desired or [was] substantially certain that [his] failure to intervene would result in harm to [Plaintiff]." *Id.* at 641. Furthermore, the Plaintiff has failed to demonstrate evidence that Defendant Hogan caused the injury to the Plaintiff. As the Plaintiff has failed to demonstrate evidence of the requisite intent or causation, the Defendants' motion for summary judgment on the remaining state law counts against Defendant Hogan will also be granted.

11

Plaintiff argues that there is a genuine issue of material fact as to whether the CERT Team's conduct constituted willful misconduct pursuant to state law.  However, the individuals of the CERT Team are not parties to this lawsuit.  Therefore, the question of their immunity pursuant to the PSTCA is irrelevant.

## CONCLUSION

Plaintiff has failed to present evidence of the essential elements of any federal constitutional claim.  Furthermore, the Plaintiff has failed to present evidence that Defendant Hogan acted with willful misconduct pursuant to state law.  For the reasons stated above, Magistrate Judge J. Andrew Smyser's Report and Recommendation will be adopted in part and rejected in part, and the Defendants' motion for summary judgment will be granted.

An appropriate Order follows.

| | |
|---|---|
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS A. HERNANDEZ, | |
| Plaintiff, | NO. 3:06-CV-1176 |
| v. | (JUDGE CAPUTO) |
| YORK COUNTY and WARDEN THOMAS H. HOGAN, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## ORDER

**NOW**, this ____ day of November, 2007, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 15), **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. 15) is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Defendants' motion for summary judgment (Doc. 11) is **GRANTED**.

                                              A. Richard Caputo
                                              United States District Judge